IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
FEB 23 2000
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| Marcus Elwayne Partee<br>    Plaintiff, | ) <br> ) CIVIL ACTION |
| vs | ) Case No# <br> ) |
| Ozark Steel Fabricators;<br>Business Insurance Co.;<br>State of Oklahoma;<br>Jerry Suitor;<br>Michael E. Williams;<br>Jack L. Harris;<br>Steven E. Gaede MD.;<br>et, al.<br>    Defendants. | ) 00CV0166H (M)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Related Case: Workers Comp Ct.
    Case No#98-16229-X

**FIRST COUNT**         **COMPLAINT**
Introduction

1. This is an action for legal cognizance, equitable cognizance, and for monetary damages against Ozark Steel Fabricators 16415 E. Marshall Tulsa, Okla 74116 and Business Insurance Co. Claim Indemnity Ser., Inc. PO Box 26227 Okla, City Ok. 73126. for the violation of the Plaintiff's constitutional and statutory rights. Plaintiff further request that same action be brought against Jerry Suitor President and Co-owner of Ozark Steel Fab.; Michael E. Williams, Ozark steel . Employee; Jack L. Harris, Ozark steel. Employee; Steven E. Gaede MD. St. John Wheeling Medical Bld. Suite 600..1919 So.Wheeling Tulsa, Ok 74104 and the State of Oklahoma: that such action legal and equitable upon investigation of all pertaining records and evidence, be determined in one action.

2. Plaintiff allege that while seeking judicial relief before the Workers'



**Page 2**

Compensation Court of the State of Oklahoma on May 12, 1999 for benefits and rights establish under *Okla. Stat. Tit. 85.*, That Defendant's Ozark Steel Fab. and Business Insurance Co., did conspire to obviate said benefits and rights by misrepresentation of fact and the submission of injurious falsehoods and false light testimony before said Court. Plaintiff further allege that Defendant Mr. Suitor having a fiduciary relationship with both Defendant's Michael Eugene Williams and Jack Larry Harris, call upon said Defendant's to give under oath perjured and false light testimony to support Mr. Suitor's conspiratorial objective.

3. Plaintiff allege that Defendant's Ozark Steel Fab. and Business Insurance Co. represented by counsel Barry Zlotogura made as a defense that light duty was available and was offered. That said defense was zealously pursued by said Counsel unsupported by the totality of lay testimony admitted at trial and material fact. Further, Plaintiff allege that during said proceeding a perjured written report of Defendant Steven Gaede MD. was submitted by said defendant's to support compliance with *Okla. Stat. Tit. 85 sec. 17 (D)(7)*.

4. Plaintiff allege that the aforemention perjury, injurious falsehood, and false light statements amounted to an abuse of process subjecting this Plaintiff to actual and consequential damages; intentional infliction of emotional distress with pecuniary and economic loss.

5. Plaintiff allege that the State of Oklahoma represented by Judge Jim D. Filosa failed to maintain a position of neutrality and detachment. That said Judge assisted opposing counsel in the evasive act of avoiding a sustained objection.

**Page 3**

That said judge gave specific instruction to counsel on how to pose his question to achieve his desired effect. Plaintiff allege that said favoritism towards opposing counsel, acting more in a role of a mentor to opposing counsel than impartial examiner is clear to show personal bias and in direct violation of the **Code of Judicial Conduct adopted by The Supreme Court Of The State Of Oklahoma.**

Plaintiff contend that partiality towards one side was serious enough to make a fair hearing impossible subjecting Plaintiff to a denial of due process of law.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. sec. 1983, 1985, 1986 and 1988; The First, Fifth ,Eleventh and Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. 1331,1341 (3)(8-c) (4), 1343 (a)(1)(2)(3)(4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this court to hear and decide federal question arising under state law Okla. Stat. Tit 85.

## PARTIES

7. Plaintiff, Marcus Partee, is and was at all times herein a citizen of the United States and a resident of Tulsa, Oklahoma, and that at all times mention herein was an employee of Ozark Steel Fabricators and a claimant against said company for an injury arising out of and during the course of employment. Plaintiff is of Black American heritage.

8. Defendant Ozark Steel Fabricators is a company duly incorporated under the laws of the State of Oklahoma. At all times mentioned herein a respondent to

**Page 4**

related case Court Number: 98-16229-X.

9. Defendant Business Insurance Co. is a claims indemnity insurer duly incorporated under the laws of the State of Oklahoma. At all times mentioned herein a respondent to related case Court Number: 98-16229-X.

10. Defendant State of Oklahoma represented by Judge Jim D. Filosa was at all times mentioned herein duly appointed and acting magistrate for the Workers' Compensation Court of the State of Oklahoma, who rules in the name of and by the authority of the State of Oklahoma, Judge is of White American heritage.

11. Defendant Jerry Suitor is the President and Co-owner of Ozark Steel Fab. was at all times mentioned herein a representative of Ozark Steel Fab. and a duly swore witness acting under color of law in said related case. Defendant is of a White American heritage.

12. Defendant Michael Eugene Williams was at all times mentioned herein an employee of Ozark Steel Fab. and a duly swore witness acting under color of law in the aforemention related case. Defendant is of a White American heritage.

13. Defendant Jack Larry Harris was at all times mentioned herein an employee of Ozark Steel Fab. and a duly swore witness acting under color of law in the aforemention related case. Defendant is of a White American heritage.

14. Defendant Steven E. Gaede MD. was at all times mention herein , Defendant's Ozark Steel and Business ins.. Co. propose independent medical examiner and witness before said related case; to wit, a declaration under penalty of perjury medical report submitted IN RE, before said related case. Defendant is of a

Page 5

White American heritage.

## CAUSE OF ACTION

15. That on May 12, 1999, a proceeding in the matter of Marcus E. Partee versus Ozark Steel Fabricators and the Business Insurance Company was brought before the Workers Compensation Court of the State of Oklahoma.

16. That at said proceeding it was stipulated by Ozark Steel Fab. And Business Ins.. Co. that Mr. Partee did have an injury arising out of and during the course of employment. That as a defense against Mr. Partee's claim it was announce by said Companies that "Light duty was available and was offered", from Sep 8, 1998 to April 15, 1999.

17. That state statute in support of said defense under **Worker Compensation Act. Tit. 85 sec. 17 (D)(7)**, which states; " *If the independent medical examiner determines that the employee is capable of returning to duty\work and claimant elect not to do so, temporary disability and medical benefits shall cease*".

18. That Defendant's Ozark Steel and Bus Ins.. Represented before Court claim that no knowledge of records ever being supplied by Dr. Gene Mills that would suggest that Mr. Partee was given medical leave to take off work between Aug 20, 1998 to Sep 23, 1998, contrary to said Defendant's request for a **Form 4 Evaluation.**

19. That said form 4 was sent to business Ins.. Co. , declare under penalty of perjury and signed by Dr. Gene Mills, DC. Further, that Dr. stated *that"I did, in fact, advise Mr. Partee to take time off work on a couple of visits early in*

*treatment"*.

20. That due to said Defendant's objection and claim of no knowledge of records, statement and pertinent information was stricken from records by Court.

21. That said Defendant's counsel zealously pursued said line of defense by the usage of compound questions address to Mr. Partee before said Court in an attempt to establish, the issues of Defendant Dr. Gaede as independent medical examiner and that company light duty of 1-2 pounds was within medical. restriction of no lifting. That said issues were not affirm by the lay testimony of Plaintiff.

22. That Defendant's Ozark Steel and Business Ins.. Represented by Mr. Zlotogura called as first witness Defendant Michael Eugene Williams, after first being duly swore, testified on his oath that;

   (A) That he (Mr. Williams) work with Plaintiff, Mr. Partee for a couple hours one day between Feb and Mar 1999 outside of employment.

   (B) That he was helping Mr. Partee work on his car.

   (C) **That Mr. Partee was doing the work on his car by performing the task of moving parts around; pulling parts off and putting them back on.**

   (D) **That Mr. Partee was doing the work and not just standing around and working while bending without any problem.**

23. That during Cross Examination of Defendant Mr. Williams he testified that;

   (A) **That he actually remove the part in question (the coil) without aid.**

   (B) **That Mr. Partee was looking for serial numbers.**

Page 7

(C) **That he hadn't seen Mr. Partee working on the car in question.**

24. By the actions described above, Defendants Ozark steel; Business ins.. and Mr. Williams deprived the Plaintiff of the following clearly established and well settled statutory and constitutional rights:

(A) The right to be free from wrongful or unjustified civil proceedings.

(B) The right to be free from pecuniary or economic loss resulting from false statement.

**SECOND COUNT**

25. Paragraphs 1-24 are incorporated herein by reference and made paragraph 25.

26. That Defendant's Ozark Steel and Business Ins. represented by Mr. Zlotogura called as a second witness Defendant Jerry Suitor, after first being duly sworn, testified on his oath that:

(A) That he (Mr. Suitor) was contacted by Mr. Partee on the Oct 6, 1998 and that Mr. Partee said he would be in the next day and failed to appear.

(B) The next time he saw Mr. Partee was in April.

(C) That he gave instruction to have Mr. Partee work little chains and then put him on the iron worker punching small parts.

(D) That he instructed Mr. Partee **to ask for any help in lifting and provided Mr. Partee with chair.**

(E) That he (Mr. Suitor) **did not make other type of settings or put anything down, his equipment, to make it easier for Mr. Partee to work.**

27. That during Cross Examination of Mr. Suitor he testified that:

Page 8

    (A) **That Mr. Partee did not have to lift the little plates because he Mr. Suitor walked back there, picked them up and set them up there for Mr. Partee.**

    (B) That it is a normal routine for Mr. Suitor (President) to personally pick it up and put it up there for Mr. Partee.

    (C) That he did not know that the light duty release offered on the Oct 6, 1998 was withdrawn by Concentra Medical Center.

    (E) That someone other than Mr. Suitor and Company Office Personal had contact Concentra and told them that no light duty exist at company.

28.    That the testimony describe above listed as # 27 (C)(E), directly conflict with Employer Notes and Protocol Notes establish between Ozark Steel Fab. and Concentra Medical Centers which states that; "Jerry Suitor, Gary Hamby, or Ron Downing will give authorization for treatment, Fax results to Ron Downing immediately following treatment." Further, that the above **testimony listed #26 (E) and #27 (A)(B) affirmatively show conflicting and perjured testimony.**

29.    That the Defendant's Ozark Steel and Business Ins.. Represented by Mr. Zlotogura called as a third witness Jack Larry Harris, after first being Duly swore, testified on his oath that:

    (A) That he (Mr. Harris) and Mr. Partee were in the parking lot of company in April 1999 and that when he ask Mr. Partee why he was back at work that Mr. Partee replied the f---ing doctor released him to go back to work.

Page 9

     (B) That he Mr. Harris saw the work that Mr. Partee was doing and that Mr. Partee started working at the back punching holes and next he work with some chains.

     (C) That Mr. Partee was working for about hour and a half then all of a sudden in pain, looked like bulls--- to him.

30. That Mr. Harris testimony described above listed as #29 (A) is unsupported by material fact, to wit; **a. That the actual medical release didn't occur until 11 days after Mr. Partee reported to work in April. b. That Mr. Partee return to work was base on the request of attorney during a April 1, 1999 deposition of Mr. Partee.**

31. That Mr. Harris testimony described above listed as #29 (B) is unsupported by all other accounts of Mr. Partee's work activities.

32. By the action describe above, Defendants Ozark Steel; Business Ins..,; Mr. Suitor and Mr. Harris deprive the Plaintiff of the following clearly established and well settled statutory and constitutional rights:

     (A) The right to be free from wrongful or unjustified civil proceedings.

     (B) The right to be free from pecuniary or economic loss resulting from false statements.

**THIRD COUNT**

33. Paragraphs 1-32 are incorporated herein by reference and made paragraph 33.

34. That Plaintiff allege Defendant State of Oklahoma represented by Judge Jim D. Filosa failed to maintain a position of neutrality and detachment.

## Page 10

Futher, that said Defendant **assist opposing counsel in the evasive act of avoiding a sustained objection and gave specific instruction on how to pose his question to achieve his desired effect.** That said judicial behavior affirmatively violates the order by the Supreme Court of Oklahoma, establishing a Code of Judicial conduct governing such judicial behavior.

35. Plaintiff allege that said Defendant relied upon the totality of lay testimony admitted on May 12, 1999 proceedings to conclude that light duty ( within medical restriction) was available to this Plaintiff, and the same was effectively offered to Plaintiff by Defendants Ozark Steel Fab.,with the Plaintiff declining to accept or to give the light duty work a good faith effort.

36  That Defendant State of Oklahoma represented by Judge Filosa relied upon the totality of medical evidence to conclude that Plaintiff has been physically able to perform light duty since outset of on the job injury. That the hearing on May 12, 1999 subjected this Plaintiff to a denial of Temporary benefits and established all jurisdictional issues in a order for Permanent Partial Disability benefits, subjecting Plaintiff to a denial of medical maintenance in any form, vocational rehabilitation and a reduction of compensation entitlement.

37. Plaintiff contend that the findings of said Defendant fail to show an impartial approach to, and an apperceptive and understanding of the evidence. Further, that said defendant abused its discretion by the basement of its ruling on an erroneous view of the law or on a clearly erroneous assessment of the law.

38. By the action describe above Defendant State of Oklahoma deprive the

## Page 11

Plaintiff of the following clearly establish and well settled statutory and constitutional rights:

(A) The right to a tribunal free from bias or prejudice ;

(B) The right to due process and equal protection of the law.

39. Plaintiff allege that Defendants Ozark Steel and Business Ins.. Represented Mr. Zlotogura received by way of faxed a perjured medical report dated **April 15, 1999** from Defendant Dr. Steven Gaede . That said report stated that in Plaintiff's attempt to return to work on April 5, 1999 regardless of the necessity for Plaintiff to bend, move parts or lifting, that said physical labor, " *would certainly appear to conform to the light duty recommendations I had previously made in which I suggested less than 2 pounds of lifting. The reason for lack of tolerance are not clear to me.*"

40. Plaintiff allege that said Defendant's previous recommendations dated **March 3, 1999** was as follows," *I believe he is eligible for light duties that involve no lifting pushing, pulling, bending, or stooping, and no prolonged sitting for more than 30 minutes or standing for more than 30 minutes without opportunity for change of position*".

41. That all medical reports were declared under penalty of perjury to be true correct and complete, and with exception of April required no lifting.

42. That Defendant Dr. Gaede April 15, 1999 report as cited herein affirmatively supports, confirm and make valid, Defendant's Ozark Steel and Business Ins.. contentions, disputes and legal defense against Plaintiff's claim for benefits.

Page 12

43. By the action describe above the Defendant's Dr. Gaede; Ozark Steel; and Business Ins.. Deprive the Plaintiff of the following clearly establish and well settled statutory and constitutional rights:

    (A) The right to be free from wrongful or unjustified civil proceedings; and

    (B) The right to be free from pecuniary or economic loss resulting from false statement

44. That Plaintiff mailed a formal requisite for action on 1 Aug 99, 17 Aug 99 to H. Leo Austin Atty at law which firm represented Plaintiff in the aforesaid case, said requisite for action required that the same issue, contentions and allegations as herein stated be made issues of fact and law in the appellant brief.

45. That Judge Filosa rendered a court order denying temporary total disability upon appeal of said order, a Sep 10, 1999 Order was issued EN BANC with the following "upon reviewing the records in the case, and being fully informed in the premises," said order was sign affirming the decision of court.

46. That Plaintiff had been without any source of income for more than a year.

47. That Plaintiff indigence force him to dismiss his appeal of the order filed on August 23, 1999, rendered by Judge Filosa denying permanent partial disability.

48. Plaintiff presently remains within a state of despair and is despondent of ever regaining the rights, privileges and liberties establish under law; thus, plaintiff beseeches the powers of this court, and invoke the pendent jurisdiction of this court to hear and decide claims arising under state and constitutional law in accordance with Title VI and Title VII of the Civil

Page 13

Rights Act of 1991.

## CONCLUSION

Plaintiff allege that Defendant's Ozark Steel Fab. And Business Ins. with the intent to form a defense which would obviate or limit said Defendant's liability to Plaintiff rights and benefits under Okla. Stat. Tit. 85., to achieve the above mention intent said Defendant's brought before the court witnesses to give testimony both oral and written in support of said defense. That said witnesses by agreement committed before court the overt act of perjury, injurious false hood and false light statements to support said Defendant's contentions, defense and to effect its purpose against Plaintiff claim under said statute.

That Defendant State of Oklahoma relied upon said testimony to reach a finding against Plaintiff subjecting Plaintiff to a denial of rights and benefits.

Further, that State of Oklahoma form a personal bias and prejudice in Plaintiff cause resulting in a denial of state and constitutional protections.

**Wherefore,** Plaintiff Marcus Partee pray that this honorable court, in order to ensure the vindication of Plaintiff rights, grant said Plaintiff compensatory damages of ($150,000.00) One Hundred and Fifty Thousand Dollars and punitive damages of ($ 450,000.00) Four Hundred and Fifty Thousands Dollars jointly and severally against said Defendants and accepting the prima facie showing allege by this Plaintiff of a civil action for the deprivation of rights and conspiracy to interfere with civil right of Plaintiff

Page 14

and grant any other remedy that this court finds proper.

Respectfully Submitted

*Marcus E. Partee*
Pro SE Litigant/ Plaintiff
2236 W. Haskel
Tulsa, Okla 74126

### DECLARTION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in above action, that he has read the above complaint and that the information contained therein to the best of his knowledge is true, correct, factual, and can be supported by Court transcript dated May 12, 1999 and all related material issue of fact(historical and substantive)
Executed this 23 day of Feb 2000.

*Marcus E. Partee*

### CERTIFICATE OF MAILING

I certify that I mailed a true and complete copy of the foremention Civil Action Petition on this ___ day of _____ 2000; to the following; Jerry Suitor 3720 So. 69 W. Court Tul. Ok; Jack L. Harris 2215 E. 66 Pl.Tul Ok.; Michael E. Williams, c/o Ozark Steel Fab. Inc. 16415 E. Marshall Tul, Ok.; Steven E. Gaede M.D. 1919 So Wheeling Tul. Ok.; Busness Ins. Co. Claim Indemnity Sercive,Inc. P.O Drawer 26227 Okla City, Ok; State Of Okla. c/o Attorney General Capital Bldg. Rm. #112 2300 N. Lincoln Bldg. Okla City, Ok.; Ozark Steel Fabricators Inc. 16415 E. Marshall Tul. Ok.

Marcus E. Partee